UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
Donnell D. York,

                       Petitioner,

          - against -

M. King,

                       Respondent.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
24-CV-2449 (PKC)

PAMELA K. CHEN, United States District Judge:

Petitioner Donnell D. York ("Petitioner" or "York"), appearing *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254"). (*See generally* Pet. Writ Habeas Corpus ("Pet."), Dkt. 1.) On June 5, 2023, Petitioner pleaded guilty to one count of Assault in the First Degree (N.Y. Penal Law § 120.10(1)) in New York Supreme Court, Kings County, Indictment No. 73065/2021. (*Id.* at ECF[1] 1; Resp't Aff. Opp'n Pet. Writ Habeas Corpus ("Resp't Aff."), Dkt. 8, ¶ 22.) Petitioner challenges the legality of his extradition from state custody in Florida to New York and alleges various constitutional and procedural errors in connection with his arrest and extradition. (*See* Pet., Dkt. 1, at ECF 16.) Petitioner asks this Court to "overturn the conviction, dismiss the indictment with prejudice, release [him] and return him to the original place of arrest." (*Id.* at ECF 14.) For the reasons explained below, the petition is denied in its entirety.

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

**BACKGROUND**

**I.    Petitioner's Arrest and Extradition**

On September 24, 2021, following a direct presentment, a grand jury in the State of New York, Kings County ("Kings County Supreme Court"), indicted Petitioner on two counts of Attempted Murder in the Second Degree (N.Y. Penal Law §§ 110.00/125.25(1)), and two counts of Assault in the First Degree (N.Y. Penal Law § 120.10(1)), among other charges. (*See* Resp't Aff., Dkt. 8, ¶ 6.) Three days later, the Kings County Supreme Court issued a warrant for Petitioner's arrest, which listed counts one and two of the indictment as "Attempt Murder: Intention," noting the corresponding N.Y. Penal Law sections. (Arrest Warrant, Dkt. 8-1, at ECF 2.) Petitioner was arrested in Orlando, Florida on or about December 1, 2021. (Resp't Aff., Dkt. 8, ¶ 8; Arrest Aff., Dkt. 8-2, at ECF 2.) Orange County Deputy Sheriff Wilbens Marcellon attested that Petitioner was arrested and booked as an out-of-state "Fugitive from Justice" pursuant to Fla. Stat. § 941.14. (Arrest Aff., Dkt. 8-2, at ECF 2.) Deputy Marcellon attested that he ran Petitioner's information through FCIC/NCIC[2], which confirmed an active warrant in New York for his arrest. (*Id.* at ECF 3.) The offense listed on the Arrest Affidavit is "Homicide-Murder 2." (*Id.* at ECF 2.)

On December 3, 2021, Petitioner and an eyewitness signed a waiver of extradition form. (Waiver of Extradition, Dkt. 8-3, at ECF 2.) The form identified the "Fugitive" as "Donnell York", the "Demanding State" as "NY", and the "Charges" as "FFJ CHARGE - HOMICIDE – MURDER 2." (*Id.*) Above the signature lines, it states the following:

---

[2] The Florida Crime Information Center (FCIC) is a statewide, local level data system, tied to the FBI's National Crime Information Center (NCIC) in Washington, D.C. *See Florida Crime Information Center*, Office of Justice Programs, https://www.ojp.gov/ncjrs/virtual-library/abstracts/florida-crime-information-center (last visited May 14, 2025).

> I hereby acknowledge that I am the above named person. I am wanted on a pending arrest warrant charging the crimes captioned above. I hereby waive the issuance and service of a Florida Governor's Rendition (Extradition) Warrant and all other procedures incidental to extradition proceedings, and agree to remain in the custody of the Sheriff of Orange County, Florida and voluntarily return to said demanding State in the custody of the duly accredited agency of said State.

(*Id.*) A "Judge of a Court of Record of the State of Florida" also signed the form, certifying that Petitioner personally appeared before them on December 3, 2021, was advised of his legal rights under Fl. Stat. § 941.10, and voluntarily executed the waiver. (*Id.*)

On December 10, 2021, the Orange County Sheriff's Office notified the New York City Police Department ("NYPD") that Petitioner was in their custody and had waived extradition. (Custody Notification, Dkt. 8-4, at ECF 2.) On December 21, 2021, the NYPD transported Petitioner from Florida to Kings County, New York, where he was arraigned the next day on Indictment No. 73065/2021 and pleaded not guilty. (Resp't Aff., Dkt. 8, ¶¶ 12–13.)

## II. Petitioner's Prior Habeas Petitions and State Criminal Action

On April 29, 2022, while a state pretrial detainee, Petitioner filed a *pro se* petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2241 ("Section 2241"), challenging his extradition from Florida to New York and asserting that he was unlawfully extradited "without being made aware of his rights to an extradition hearing and his right to be represented by counsel." *York v. Shannon*, No. 22-CV-2663 (PKC), 2022 WL 16715921, at *1 (E.D.N.Y. Nov. 4, 2022); (*see* Resp't Aff., Dkt. 8, ¶ 14). Petitioner also asserted that "the police committed various constitutional and procedural errors when arresting him, including that his arrest lacked probable cause, that his fugitive warrant included errors as to the charges against him in New York, and that officers failed to arraign and adequately present the charges against him." *York*, 2022 WL 16715921, at *1. On November 4, 2022, this Court dismissed the Section 2241 petition,

finding that Petitioner failed to procedurally exhaust his claims through state administrative or judicial channels. *Id.* at *2.

On March 20, 2023, Petitioner filed a state habeas petition in Kings County Supreme Court raising substantially similar arguments as those in his federal Section 2241 petition.[3] (*See* State Habeas Pet., Dkt. 8-5, at ECF 2–20.) The state trial court held a hearing on April 4, 2023, and Kings County Supreme Court Justice Joanna D. Quinones orally denied Petitioner's state habeas petition from the bench. (Resp't Aff., Dkt. 8, ¶ 20; *see* 4/4/2023 Hr'g Trans., Dkt. 8-6, at ECF 7–8.) Petitioner purports to have filed an appeal of this decision with the "Kings County Appeals Bureau, 24th Floor," claiming that the "Appeals Court never responded to [his] Appeal," but provides no date or proof of filing. (Pet., Dkt. 1, at ECF 6–9.)

In April 2023, the state trial court held pretrial suppression hearings regarding Petitioner's arrest and the identification procedures used but denied Petitioner's motion to suppress. (*See* Resp't Aff., Dkt. 8, ¶ 21.) On June 5, 2023, Petitioner pleaded guilty to one count of Assault in the First Degree and was subsequently sentenced to eight years of incarceration, eligible for parole in 2028. (*Id.* ¶¶ 22–23.)

### III. Petitioner's Section 2254 Habeas Petition

On March 29, 2024, Petitioner filed the instant *pro se* habeas petition under 28 U.S.C. § 2254. (Pet., Dkt. 1, at ECF 1.) Petitioner challenges his state court conviction, asserting three grounds for relief: (i) his arrest in Florida was without probable cause; (ii) he was not

---

[3] In sum, Petitioner argued in his state habeas petition that (1) his fugitive arrest warrant was facially invalid and did not follow statutory requirements; (2) he was not produced or informed of his right to a hearing before extradition; (3) he was not informed of his right to counsel; (4) he was not informed of his right to petition for writ of habeas corpus challenging his extradition; (5) his waiver of extradition was signed "in ignorance and under duress." (State Habeas Pet., Dkt. 8-5, at ECF 7–8.)

4

provided legal counsel in Florida before signing his waiver of extradition to New York; and (iii) he was denied an extradition hearing prior to his extradition from Florida to New York. (*Id.* at ECF 5–9.)

On May 8, 2024, this Court granted Petitioner's request to construe supplemental documents as exhibits to his petition, namely, Exhibit C containing his request for documents from the Kings County Supreme Court Clerk's Office related to his state habeas petition and their response, (Dkt. 6 at ECF 6–10), and Exhibit D containing his request for documents from the Orange County Court Clerk's Office in Florida and their response, (*id.* at ECF 11–15). (5/8/2025 Dkt. Order.) On May 29, 2024, Respondent filed a response to the Court's April 23, 2024 Order to Show Cause, which included Respondent's Affidavit, Memorandum in Opposition to the habeas petition, and several exhibits. (Resp. Show Cause Order, Dkt. 8.) On May 30, 2024, the Court granted another of Petitioner's requests to submit additional documents with his petition, namely, Exhibit E containing another copy of the Orange County Waiver of Extradition form, (Dkt. 7-1), and Exhibit F containing a "Warrant of Commitment and Order Remanding Defendant to Demanding State" from the Orange County Clerk's Office, (Dkt. 7-2). (5/30/2024 Dkt. Order.)

Petitioner filed a reply to Respondent's submission in opposition on June 20, 2024. (Pet'r's Reply, Dkt. 10.) In his Reply, Petitioner argues that: (i) matters of extradition are not directly appealable to state appellate courts and can only be addressed in a writ of habeas corpus; (ii) he was prevented from appealing the denial of his state habeas petition; and (iii) the extradition violated his Fourth and Fourteenth Amendment rights, invoking 42 U.S.C. § 1983 for the alleged violations of his constitutional rights. (*Id.* at 2–5.)

5

**LEGAL STANDARD**

A federal district court may "entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a [s]tate court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In order to obtain relief, such a petitioner must demonstrate, *inter alia*, that he has: (1) exhausted his potential state remedies; (2) asserted his claims in his state appeals such that they are not procedurally barred from federal habeas review; and (3) satisfied the deferential standard of review set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), if his appeals were decided on the merits. *See, e.g.*, *Georgison v. Donelli*, 588 F.3d 145, 153 (2d Cir. 2009); *accord Edwards v. Superintendent, Southport C.F.*, 991 F. Supp. 2d 348, 365–66 (E.D.N.Y. 2013).

**I.      Exhaustion**

Before seeking federal habeas relief, a state habeas petitioner must first exhaust his state remedies by fairly presenting his constitutional claims to the state courts. *See* 28 U.S.C. § 2254(b)(1)(A); *Bierenbaum v. Graham*, 607 F.3d 36, 47 (2d Cir. 2010). A petitioner fairly presents a constitutional claim to the state courts when he presents "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014) (quoting *Rosa v. McCray*, 396 F.3d 210, 217 (2d Cir. 2005)).

**II.     Procedural Default**

A petitioner's failure to include claims on direct appeal is a procedural default that precludes him from raising those claims in a federal habeas petition. *See Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To overcome the bar to federal habeas review of a claim that has been procedurally defaulted in state court, a

6

petitioner must "demonstrate either cause and actual prejudice, or that he is actually innocent." *Gomez v. United States*, 87 F.4th 100, 107 (2d Cir. 2023) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotation marks and citations omitted)). Where a petitioner makes no effort to meet this standard, a court cannot grant habeas relief. *See Angeles v. Greiner*, 267 F. Supp. 2d 410, 416 (E.D.N.Y. 2003); *Collins v. Artus*, No. 08-CV-1936 (PKC) (JCF), 2009 WL 2633636, at *9 (S.D.N.Y. Aug. 26, 2009).

### III.  AEDPA Deference

Where a state court has reached the merits of a claim asserted in a Section 2254 petition, the state court's decision is entitled to deference under AEDPA and the petition must be denied unless, *inter alia*, the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1); *Washington v. Griffin*, 876 F.3d 395, 403 (2d Cir. 2017).

A state court decision is "contrary to" clearly established federal law if "the state court reached a conclusion of law that directly contradicts a holding of the Supreme Court," or "when presented with 'facts that are materially indistinguishable from a relevant Supreme Court precedent,'" the State court arrived at an opposite result. *Evans v. Fischer*, 712 F.3d 125, 132 (2d Cir. 2013) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)).  A state court decision is an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. "[A]n *unreasonable* application of federal law," however, "is different from an *incorrect* application of federal law." *Id.* at 410; *see also Grayton v. Ercole*, 691 F.3d 165, 174 (2d Cir. 2012) ("[T]he writ may only issue where the state court's application of the law was not only wrong, but unreasonable."). A federal court may only "issue the writ in cases where there is no possibility fairminded jurists could

7

disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011); *see Orlando v. Nassau Cnty. Dist. Att'ys Off.*, 915 F.3d 113, 120–21 (2d Cir. 2019).

## IV.   *Pro Se* Petitions

Because Petitioner in this case is *pro se*, the Court liberally construes the Petition and interprets it "to raise the strongest arguments that [it] suggest[s]." *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).  At the same time, "*pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Id.* at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)); *accord O'Neal v. New York*, 465 F. Supp. 3d 206, 216 (E.D.N.Y. 2020).

## DISCUSSION

In this Section 2254 habeas petition, Petitioner alleges that: (i) his arrest in Florida was without probable cause; (ii) he was not provided legal counsel in Florida before signing the waiver of extradition; and (iii) he was denied a hearing prior to his extradition from Florida to New York. (Pet., Dkt. 1, at ECF 5–9.)  Petitioner asks this Court to "overturn the conviction, dismiss the indictment with prejudice, release [him] and return him to the original place of arrest." (*Id.* at ECF 14.)

## I.   Exhaustion

As a threshold matter, the Court is not convinced that Petitioner has exhausted his state court remedies before filing this habeas petition.  Though Petitioner filed a state habeas petition challenging his extradition and asserts that he filed an appeal with the "Kings County Appeals Bureau, 24th Floor" to which the "Appeals Court never responded," (*Id.* at ECF 6–9), there is no

8

indication in the record that this was ever filed.[4] Even if Petitioner had fully exhausted that petition in state court, Petitioner filed the state habeas petition challenging his extradition prior to his guilty plea and judgment of conviction. (*See* State Habeas Pet., Dkt. 8-5.) Petitioner has not attempted to appeal or vacate his plea, judgment of conviction, or sentence, and now seeks to overturn that conviction for the first time with this Section 2254 petition. As Respondent notes, while the time for Petitioner to file a direct appeal has passed, he may still assert his claims in a New York Criminal Procedure Law § 440.10 motion if the alleged errors are based on matters outside the record. (*See* Resp't Opp'n, Dkt. 8, at ECF 9.) The exhaustion requirement mandates that a federal habeas petitioner first present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." *Jackson*, 763 F.3d at 133 (quoting *Rosa*, 396 F.3d at 217). As far as the Court is aware, this has not occurred.

Section 2254 does provide exceptions to the exhaustion requirement where (i) "there is an absence of State corrective process," or (ii) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). But even if this is a "mixed" petition presenting both exhausted and unexhausted claims, the Court can deny the petition on other grounds. "When confronted with a mixed petition, . . . a 'Court may: (1) dismiss the petition in its entirety without prejudice; (2) deny the entire petition on the merits; (3) allow

---

[4] In his Reply, Petitioner states that he was prevented from appealing the denial of his state habeas petition because "[t]he judge left nothing to appeal," presumably referencing the fact that the denial was an oral ruling. (Pet'r's Reply, Dkt. 10, at ECF 2; *see* 4/4/2023 Hr'g Trans., Dkt. 8-6, at ECF 7–8.) He states that he "did file an appeal, however, the courts have yet to respond leaving petitioner to languish in want of." (Pet'r's Reply, Dkt. 10, at ECF 2.) Again, the Court is not aware of any pending appeal of his state habeas denial, and even if there is a pending appeal, "[o]nly when a criminal defendant has no further state alternatives may she seek relief by way of a federal habeas petition." *Jordan v. Bailey*, 985 F. Supp. 2d 431, 437 (S.D.N.Y. 2013), *aff'd*, 570 F. App'x 42 (2d Cir. 2014) (summary order) (citing *U.S. ex rel. Scranton v. New York*, 532 F.2d 292, 296 (2d Cir. 1976)).

the petitioner to delete the unexhausted claims and proceed with his exhausted claims; or (4) in limited circumstances, stay the petition to allow petitioner to exhaust his unexhausted claims.'" *Wesley-Rosa v. Kaplan*, 274 F. Supp. 3d 126, 128 (E.D.N.Y. 2017) (quoting *Francois v. Warden of Sullivan Corr. Facility*, No. 12-CV-5333 (RRM), 2014 WL 1153920, at *4 (E.D.N.Y. Mar. 19, 2014)). The Court finds there are other bases on which this petition must be denied in its entirety, and addresses those below.

## II. Petitioner's Extradition

Two of the three grounds on which Petitioner seeks habeas relief relate to alleged constitutional violations during his extradition from Florida to New York. (*See generally* Pet., Dkt. 1.) Specifically, he asserts that he was denied his right to an attorney prior to signing the extradition waiver and denied an extradition hearing, which violated his due process rights and New York criminal procedure laws. (*Id.* at ECF 16, 22–23.)

### A. Interstate Extradition

States' reciprocal obligations for interstate extradition are rooted in the Extradition Clause of the U.S. Constitution. U.S. Const. art. IV, § 2, cl. 2. The Extradition Clause, however, "does not specifically establish a procedure by which interstate extradition is to take place, and, accordingly, has never been considered to be self-executing." *California v. Superior Ct. of Ca., San Bernardino Cnty.*, 482 U.S. 400, 406 (1987) (citations omitted). New York and Florida have both adopted the Uniform Criminal Extradition Act ("UCEA"), which outlines in greater detail the parallel procedures for states to follow when conducting interstate extradition.[5] *See* Uniform

---

[5] Under the UCEA as adopted by New York and Florida, when a demanding state seeks to recover an individual from the asylum state, the demanding state, upon application to the state governor, sends a written "demand" to the asylum state for the arrest and extradition of the wanted individual. *See* N.Y. Crim. Proc. Law §§ 570.06, 570.08, 570.54; Fla Stat. §§ 941.02–03, 941.23. The asylum state may issue a governor's warrant, but a warrantless arrest of the individual is also permissible in the asylum state "upon reasonable information that the accused stands charged in

Criminal Extradition Act, 11 U.L.A. 51 (1974); N.Y. Crim. Proc. Law ("CPL") § 570 *et seq.*; Fla. Stat. § 941 *et seq.*; *see also Dr. Pat McPherron v. State of New York*, No. 16-CV-1010 (FJS), 2016 WL 4523933, at *2 (N.D.N.Y. Aug. 22, 2016) (The UCEA "governs extradition in New York" (citing N.Y. CPL § 570.02)).

### B. *Ker-Frisbie* Doctrine

This Court, however, need not evaluate the legality of the procedures used in Petitioner's extradition because—as Respondent correctly argues—Petitioner may not seek federal habeas relief to overturn his conviction based on an allegedly illegal extradition. Under the *Ker-Frisbie* doctrine, "the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.'" *Frisbie v. Collins*, 342 U.S. 519, 522 (1952) (citing *Ker v. Illinois*, 119 U.S. 436, 444 (1886)); *see United States v. Bout*, 731 F.3d 233 (2d Cir. 2013) ("Under the so-called *Ker-Frisbie* doctrine, 'the government's power to prosecute a defendant is not impaired by the illegality of the method by which it acquires control over him.'") (citation omitted).[6]

In the Second Circuit, the only recognized exception to this doctrine is "where the Government itself secures the defendant's presence in the jurisdiction through use of cruel and inhuman conduct amounting to a patent violation of due process principles." *United States v. Lira*, 515 F.2d 68, 70 (2d Cir. 1975). Here, there is no allegation that his extradition was conducted by

---

the courts of another state with a crime punishable by death or imprisonment for a term exceeding one year." N.Y. Crim. Proc. Law § 570.34; Fla. Stat. § 941.14.

[6] In *Ker*, in which an individual was forcibly abducted in Peru and returned to the United States to face criminal charges in Illinois, the Supreme Court held that it did "not see that the constitution or laws or treaties of the United States guaranty him any protection." *Ker*, 119 U.S. at 444. In *Frisbie*, the Supreme Court reaffirmed the holding in *Ker* and denied a habeas petition seeking release from a Michigan state prison and vacatur of a conviction based in part on a forcible seizure in Illinois by Michigan officers. *Frisbie*, 342 U.S. at 520–22.

"cruel and inhuman conduct," *id.*, to warrant a finding that the exception to the general rule—that an illegal extradition is not a basis to overturn a judgment of conviction—applies. Thus, even if this Court were to find that Petitioner's extradition was unconstitutional, it would not be a basis to overturn his New York state conviction.[7] To the extent Petitioner alleges that his extradition violated New York state procedural laws governing interstate extradition, "[o]nly violations of federal law are cognizable on federal habeas review—violations of state law provide no basis for habeas relief." *Briggs v. Connelly*, No. 10-CV-3285 (ENV), 2012 WL 3757652, at *2 (E.D.N.Y. Aug. 16, 2012) (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

Petitioner's asserted grounds for relief related to his extradition (that he was denied counsel and a hearing prior to signing the extradition waiver) are therefore not cognizable claims on federal habeas review under Section 2254 to overturn a state court conviction.[8]

---

[7] Other circuits have also explained that, though habeas relief may be available to an individual while detained in the asylum state, challenges to extradition are moot once an individual is returned to the demanding state. *See, e.g., Barton v. Norrod*, 106 F.3d 1289, 1298 (6th Cir. 1997) ("A fugitive can challenge extradition by petitioning for a writ of habeas corpus, but the purpose of the writ is very limited because it only affects his detention in the asylum state," not "the underlying charges against him. . . . Once the fugitive is returned to the demanding state, the right to challenge extradition becomes moot."); *Weilburg v. Shapiro*, 488 F.3d 1202, 1206 (9th Cir. 2007) (noting that "invalid extradition" is not a sufficient ground "to grant habeas relief once the fugitive is present in the jurisdiction from which he fled").

[8] In Petitioner's Reply, he asserts that he raises a colorable federal claim under 42 U.S.C. § 1983 because his extradition violated his constitutional rights. (*See* Pet'r's Reply, Dkt. 10.) Because Petitioner is seeking release from New York state custody through his Section 2254 habeas petition, § 1983 is not applicable here. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that § 1983 relief is not available where "success in that action would necessarily demonstrate the invalidity of confinement or its duration"); *Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999) ("[W]here the fact or duration of a prisoner's confinement is at issue, § 1983 is unavailable, and only § 2254(b) with its exhaustion requirement may be employed.").

### III. Fourth Amendment Claim

Petitioner also asserts that his arrest was made without probable cause. (Pet., Dkt. 1, at ECF 5.) Though the arrest also occurred in Florida under state procedural law for interstate extradition, to the extent this ground could be construed as separate from his challenges to extradition procedures, this issue was litigated by the state trial court in New Yok during a suppression hearing, during which the court orally denied Petitioner's motions to suppress. (*See* Resp't Aff., Dkt. 8, ¶ 21.) This Court cannot evaluate the merits of Petitioner's Fourth Amendment claim because it is barred by the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465 (1976), in which the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Id.* at 482. In this Circuit,

> review of fourth amendment claims in habeas petitions would be undertaken only in one of two instances: (a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process.

*Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992).

As to the first prong, the Second Circuit has noted that "federal courts have approved New York's procedure for litigating Fourth Amendment claims." *Id.* at 70 n.1 (quotation omitted). Thus, Petitioner's Fourth Amendment claims would only be reviewable under the second prong. "[I]n order to establish an unconscionable breakdown in the process, a petitioner must show that the state courts failed to conduct a reasoned method of inquiry into relevant questions of fact and law." *House v. Miller*, No. 02-CV-5379 (JBW) (LB), 2003 WL 23198788, at *13 (E.D.N.Y. Oct. 27, 2003) (quotations omitted).

In this case, Petitioner had a full opportunity to litigate his challenge to the arrest and the propriety of the identification procedures during the state trial court's pre-trial suppression hearings on April 17, 2023. (Resp't Aff., Dkt. 8, ¶ 21.) Petitioner has not provided any basis for the Court to conclude that there was some unconscionable breakdown sufficient to overcome the bar to federal habeas review established in *Stone*. *See Small v. Artus*, No. 07-CV-1117 (SJF), 2009 WL 2707319, at *13–14 (E.D.N.Y. Aug. 20, 2009) (holding that petitioner "failed to show . . . an unconscionable breakdown" where "[t]he suppression court entertained briefs concerning the suppression hearing and denied petitioner's request for a hearing only after considering the factual and legal claims asserted by the parties"); *Salcedo v. Smith*, No. 05-CV-3497 (JGK), 2006 WL 1644700, at *4 (S.D.N.Y. June 13, 2006) ("The petitioner has failed to demonstrate an 'unconscionable breakdown' in the corrective process, showing only that he disagreed with the ultimate outcome of the Fourth Amendment litigation in the state courts."). The Court must therefore deny habeas relief on this ground as well.

**IV.  Petitioner's Motion for Bond**

On May 16, 2025, Petitioner filed a motion for bail during the pendency of his federal habeas petition. (Ltr. Mot. Bond., Dkt. 13.) Petitioner asserts that his wife and mother have health issues, and that his habeas petition has a high likelihood of a favorable outcome. (*Id.* at ECF 1–3.) While the Court is certainly sympathetic to Petitioner's circumstances, "the standard for bail pending habeas litigation is a difficult one to meet: The petitioner must demonstrate that 'the habeas petition raise[s] substantial claims and that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective.'" *Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir. 1990) (quoting *Iuteri v. Nardoza*, 662 F.2d 159, 161 (2d Cir. 1981)). Here, denial of Petitioner's habeas petition was imminent upon receipt of his motion for bail. Accordingly, as the Court must deny habeas relief, Petitioner's motion for bail is denied as moot.

14

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and Petitioner's motion for bail is denied as moot. Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Middleton v. Att'ys Gen. of States of N.Y. and Penn.*, 396 F.3d 207, 209 (2d Cir. 2005) (denying certificate of appealability where petitioner has not shown that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (quotations omitted and cleaned up)). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 396 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully requested to enter judgment accordingly and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 3, 2025
       Brooklyn, New York